UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-11076-DOC-PD                                         Date: November 25, 2025

Title     _Davonte Williams-Dorsey v. Federal Bureau of Prisons, et al._

Present: The Honorable:      Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why this Court Should Not Recommend that Petitioner's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus Be Dismissed

On November 10, 2025, Petitioner Davonte Williams-Dorsey filed an "Emergency Motion for Immediate Transfer and Injunctive Relief Due to Imminent Danger and Failure to Separate Inmates with a History of Violence" pursuant to 28 U.S.C. § 2241 and Rule 65 of the Federal Rules of Civil Procedure.  Dkt. No. 1.  Petitioner is incarcerated at the Federal Correctional Institution, Lompoc II ("FCI-Lompoc II") in Lompoc, California.  _Id_. at 4.

Petitioner alleges he was involved in a serious altercation with inmate Carlos Gonzales in September 2024.  _Id_. at 2.  He alleges that despite their known history, he was placed in the same Bureau of Prisons ("BOP") facility as Gonzales in direct contravention of BOP Program Statement 5800.17.  _Id_.  Petitioner alleges that he has previously received threats and is in imminent fear of serious, bodily harm or death.  _Id_.  He alleges that he has notified the "Psychology Department" of BOP's negligence and they have notified the appropriate people, yet no action was taken to move Petitioner.  _Id_.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11076-DOC-PD                                        Date: November 25, 2025

Title      *Davonte Williams-Dorsey v. Federal Bureau of Prisons, et al.*

Petitioner contends that the BOP's actions have violated his Eighth Amendment right to protection from known threats of harm. *Id.* at 3.

Petitioner requests that he be transferred from FCI-Lompoc II to a different low-custody or minimal security BOP facility. *Id.* at 1. Petitioner further request that he have no further contact or proximity to inmate Carlos Gonzales due to the well-known documented history of a prior physical altercation with Gonzales and that he not be placed into the Segregated Housing Unit ("SHU") during transfer or transit. *Id.*

## I.     Discussion

### A.     Duty to Screen the Petition

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition). Habeas relief ordinarily is not available to challenge conditions of confinement. *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1382 (2024). The Court has reviewed the Petition under Rule 4 of the Habeas Rules and finds the Petition is subject to dismissal for the reasons explained below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11076-DOC-PD                              Date: November 25, 2025

Title       *Davonte Williams-Dorsey v. Federal Bureau of Prisons, et al.*

### B.   Petitioner's Claims are Not Cognizable on Habeas Review

"Federal law opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).  Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1), (3).   In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement.  *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (as amended); *see also Nettles v. Grounds,* 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas is "the exclusive vehicle" for claims that fall within "the core of habeas corpus," that is, claims challenging "the fact or duration of the conviction or sentence").

By contrast, a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core" of habeas corpus and instead, should be brought as a civil rights action "in the first instance"); *Greenhill v. Lappin*, 376 F. App'x 757 (9th Cir. 2010) (appropriate remedy for claim related to the conditions of confinement lies in a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). Thus, if success on a habeas Petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, in a civil rights action.  *See Nettles*, 830 F.3d at 935; *see also Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003).

Here, Petitioner does not contest his conviction or sentence.  He states that he was recently placed in the same BOP facility with inmate Gonzales,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11076-DOC-PD                                    Date: November 25, 2025

Title      *Davonte Williams-Dorsey v. Federal Bureau of Prisons, et al.*

with whom he previously had a physical altercation and suffered serious documented injuries.  *Id*. at 2.  He alleges he has previously received threats and is in imminent fear of serious, bodily harm or death.  *Id.*  Petitioner further asserts the BOP's actions violate his Eighth Amendment right to protection from known threats of harm.  *Id*. at 3.  These are conditions of confinement claims that do not implicate the fact or duration of Petitioner's confinement.  *See Nettles,* 830 F.3d at 933 (explaining that "prisoners may not challenge mere conditions of confinement in habeas corpus").

### C.    The Court Declines to Construe the Petition as a Civil Rights Complaint

The Court has the discretion to construe his flawed § 2241 filing as a civil suit alleging violations of constitutional rights—essentially, to treat this filing as if it had raised a civil rights claim.  *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  The Court is not inclined to do so here, however, for several reasons.  Prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings.  Indeed, the congressionally mandated filing fee for a prisoner civil rights complaint is currently $350.00 in contrast to the $5.00 filing fee for habeas petitions.  *See* 28 U.S.C. § 1914(a).  And, while a civil rights action may proceed despite the prisoner's inability to prepay the entire $350.00 if he is granted leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a), he must still agree to pay the entire filing fee in installments, even if his complaint is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1)-(2).

Here, Petitioner has not paid the fee to file a habeas petition or a civil rights action.  In addition, the Court would be obligated to screen the converted Petition under 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.  The Court also notes that if the converted Petition was ultimately dismissed on the grounds that it is frivolous, malicious, or fails to state a claim, that dismissal would count as a "strike" against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11076-DOC-PD                              Date: November 25, 2025

Title       *Davonte Williams-Dorsey v. Federal Bureau of Prisons, et al.*

Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of serious physical injury."

Accordingly, if Petitioner seeks to pursue any civil rights claim, he must do so by filing a separate civil rights complaint in a new action.

## II.    Order

The Petition appears subject to dismissal for the reasons stated above. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address the issues stated above.

Accordingly, by no later than **December 16, 2025,** Petitioner shall file a written response addressing the concerns raised in this OSC and explaining why the Petition should not be dismissed.  If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  Doing so will not prejudice him raising his claims in a properly filed suit.

The Court Clerk is directed to provide Petitioner with a blank Central District civil rights complaint form, and a blank notice of dismissal form.

Because the Petition contains allegations of imminent physical harm, the Court Clerk is also directed to provide a copy of Petitioner's petition to the Warden at FCI-Lompoc II, for handling as he deems appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11076-DOC-PD                             Date: November 25, 2025

Title      *Davonte Williams-Dorsey v. Federal Bureau of Prisons, et al.*

**Petitioner is warned that failure to file a timely response to this Order as directed above by December 16, 2025, will result in a recommendation to the District Judge that this case be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rules of Civil Procedure 41(b).**


Attachments:
--Central District of California Civil Rights Complaint Form (CV-66)
--Notice of Voluntary Dismissal (CV-09)